1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

DAVID F. MICKELSON,

Plaintiff,

v.

AMERICAN INTERNATIONAL
GROUP, INC., *et al.*,

Defendants.

Case No. 13-cv-2754-W(BLM)

**ORDER REMANDING ACTION
TO STATE COURT FOR LACK
OF SUBJECT MATTER
JURISDICTION**

On October 15, 2013, Plaintiff David F. Mickelson commenced this action in Superior Court for the State of California for the County of San Diego against Defendant American International Group ("AIG"), doing business as American General Life Insurance Company ("American General"). In the complaint, Plaintiff asserts two causes of action arising from a judgment entered in United States District Court for the Southern District of Texas and a payment plan agreed upon to satisfy that judgment. Thereafter, American General removed this action to this Court. The notice of removal is based on diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446.

For the following reasons, the Court finds that American General's Notice of Removal is facially deficient and **REMANDS** this action to the San Diego Superior Court.

## I.    LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." Id. (internal citations omitted).  "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id. (internal citations omitted); see also Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992); see also Sygenta Crop Prot. v. Henson, 537 U.S. 28, 32 (2002); O'Halloran v. Univ. of Wash., 856 F.2d 1375, 1380 (9th Cir. 1988).  "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Gaus, 980 F.2d at 566; see also Nishimoto v. Federman-Bachrach & Assoc., 903 F.2d 709, 712 n.3 (9th Cir. 1990); O'Halloran, 856 F.2d at 1380.  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus, 980 F.2d at 566.

Although there has not been a request to remand, it is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966 (9th Cir. 2004).  Courts may consider the issue *sua sponte*. Demery v. Kupperman, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984).  Indeed, the Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S.

1   567, 593 (2004) (quoting United States v. S. Cal. Edison Co., 300 F. Supp. 2d 964, 972

2   (E.D. Cal. 2004)).

3

4   **II.   ANALYSIS**

5          In attempting to invoke this Court's diversity jurisdiction, the defendant must

6   prove that there is complete diversity of citizenship between the parties and that the

7   amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  To determine whether the

8   amount in controversy has been met on removal, "[t]he district court may consider

9   whether it is 'facially apparent' from the complaint that the jurisdictional amount is in

10  controversy."  Singer v. State Farm Mutual Auto Ins. Co., 116 F.3d 373, 377 (9th Cir.

11  1997).  In cases in which the plaintiff's state-court complaint does not specify an exact

12  damage figure, the defendant "must provide evidence that it is 'more likely than not'

13  that the amount in controversy" satisfies the federal diversity jurisdictional amount

14  requirement.  Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

15  American General fails to satisfy that requirement.  See 42 U.S.C. § 1332.

16         First, American General asserts that "Mr. Mickelson's Complaint plainly requests

17  the Court enter a judicial decree that American general be required to return

18  $40,724.36 to Mr. Mickelson *in addition* 'to the $40,000' Mr. Mickelson agreed to pay

19  American General" in the payment plan.  (Removal Notice ¶ 10 (emphasis in

20  original).)  This contention is simply not consistent with the damages sought in the

21  complaint.

22         Mr. Mickelson's prayer for relief seeks "damages in a sum to be determined at

23  trial, but in no event less than $40,724.36."  (Compl. 10:4–16.)  He further alleges that

24  "[t]he amount of $40,764.36 reflects the difference between the total amount received

25  by AIG from Mickelson ($80,764.36), *less* the amount that Mickelson had contracted

26  to pay AIG in satisfaction of the Final Judgment ($40,000.00)."  (Compl. ¶ 36

27  (emphasis added).)

28  //

1    Nowhere in the complaint does Mr. Mickelson seek an award of the $40,000 that
2    he explicitly contends constitute his obligations to American General under the
3    payment plan. (Compl. 10:13–14.)  On the contrary, he "seeks declaratory relief that
4    the parties' rights and obligations *are* dictated by the Payment Plan Agreement," under
5    which he agreed to pay American General a sum of $40,000.  (Compl. ¶¶ 41–42
6    (emphasis added).) Mr. Mickelson seeks the amount that American General allegedly
7    collected in excess of that agreement from commissions administered by Crump Life
8    Insurance Services from policies not issued through American General. (Compl. ¶¶ 9,
9    12–13, 21, 48.)  In sum, American General's attempt to add the $40,000 allegedly
10   agreed upon in the payment plan to the amount in controversy is inaccurate and
11   inappropriate.

12        American General makes two further contentions in support of removal: (1) Mr.
13   Mickelson seeks reasonable cost of suit; and (2) he seeks punitive damages according
14   to proof.  (Removal Notice ¶ 10.)

15        Attorneys' fees are not part of the amount in controversy in this case.

16        When the applicable substantive law makes the award of an
           attorney's fee discretionary, a claim that this discretion
17         should be exercised in favor of plaintiff makes the requested
           fee part of the amount in controversy.  But when there is no
18         direct legal authority for an attorney's fee, a request for a fee
           cannot be included in the computation or the jurisdictional
19         amount.

20   Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155 (9th Cir. 1998) (internal quotation
21   marks omitted).  Mr. Mickelson fails to identify any direct legal authority authorizing
22   his request for attorneys' fees.  Consequently, a request for such fees is not included in
23   the calculation to determine the amount in controversy.  See id.

24        American General also fails to show that the possibility of Mr. Mickelson proving
25   punitive damages at trial makes it more likely than not that the amount in controversy
26   exceeds $75,000.  See 28 U.S.C. § 1332; Sanchez, 102 F.3d at 404.  "It is well
27   established that punitive damages are part of the amount in controversy in a civil
28   action." Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001), *holding modified*

by Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546 (2005).  Mr. Mickelson seeks compensation for at least the amount of $40,724.36, but he does not state a monetary figure for punitive damages, interest, or any possible future increase in the amount of compensatory damages sought.  (See Compl. ¶ 36.)  These figures are all unknown.

In order for the total amount in controversy to exceed $75,000, American General must show that it is more likely than not that the total of punitive damages, interest, and any increase in the amount of compensatory damages at trial add to at least $34,275.65.  See id.; Sanchez, 102 F.3d at 404.  It fails to do so.  American General's conclusory assertion that "the Complaint makes clear Mr. Mickelson seeks a judgment against American General in excess of the jurisdictional amount" is insufficient.  Because there is doubt as to the right of removal, federal jurisdiction must be rejected.  See Gaus, 980 F.2d at 566.

## III.   CONCLUSION & ORDER

American General fails to provide an adequate explanation supported by evidence that the amount in controversy exceeds the jurisdictional threshold.  Therefore, the Court **REMANDS** this action to the San Diego Superior Court.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**IT IS SO ORDERED.**

**DATE: February 3, 2014**

_____
**HON. THOMAS J. WHELAN**
United States District Court
Southern District of California